## Grant v. Seelye, By, et al.

(Decided December 12, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

Landlord and Tenant—Dangerous and Defective Premises—Injury to Tenant's Child—Peremptory Instruction.—An opening of four or five inches between the floor of a privy and the ground is not such dangerous or defective condition of the premises as will render the landlord liable for injuries to the leg of the tenant's child, caused by the child slipping and running her leg into the opening, and in such a case it is error to refuse to give a peremptory instruction in favor of the defendant.

O'NEAL & O'NEAL for appellant.

LEE HAMILTON, W. A. HECK and STROTHER & HAMILTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The plaintiff, Hazel Seelye, an infant nine years of age, suing by her father and next friend, W. S. Seelye, brought this action against the defendant, Robert W. Grant, to recover damages for personal injuries alleged to have resulted from an accident occasioned by the dangerous and defective condition of the premises which the defendant had leased to W. S. Seelye. It was charged in the petition that W. S. Seelye had rented the premises in question under a contract and agreement on the part of defendant to maintain the house and premises in good and proper repair; that he permitted the privy or vault in the back yard of said premises to be and remain in a dangerous and defective condition, and failed to repair same according to the contract of rent; that this condition was unknown to plaintiff, but known to the defendant, or could have been known to him by the exercise of ordinary care; that while going to the privy

or vault, plaintiff's left foot went into the unguarded and defective vault, thereby causing her to fall and sustain permanent injuries to her leg. By amended petition, plaintiff set up the dangerous, defective and unsafe condition of the vault, and pleaded that at the time of the rental of the premises the defendant concealed the dangerous and defective condition thereof from the lessee, W. S. Seelye, and the plaintiff, Hazel Seelye. Defendant's demurrer to both the original and the amended petitions being overruled, he filed an answer in four paragraphs. The first paragraph denied the allegations of the petition. In the second and third paragraphs, he set up the original lease between him and W. S. Seelye, and pleaded that under the lease the lessee himself agreed to keep and return the premises in good order and repair, and that the lessor was not to be liable for any damage done, or injury resulting from, any failure on his part to keep the premises in repair. In the fourth paragraph, he pleaded contributory negligence on the part of the plaintiff. Trial was had, and the jury returned a verdict in favor of plaintiff for $300. Judgment was entered accordingly, and the defendant appeals.

The evidence shows that plaintiff's parents were tenants in a small piece of property owned by defendant, located on Almstead Avenue, Louisville, Kentucky. They held said premises under a lease dated July 2, 1910. In the rear of the premises is a privy or vault. The privy consists of a vault built in the ground, and a frame structure above. The frame structure rests at each of the four corners on a foundation. It was built this way to prevent the floor from rotting, and for purposes of ventilation. In front there is a space of from four to five inches between the floor of the frame structure and the ground. The vault itself is set back about twelve inches from the front. When the door is closed there is no opening between the floor and the ground. When it is opened there is an opening of four or five inches beneath the floor and within the space covered by the door. The evidence for the plaintiff is to the effect that on September 10, 1910, she started to the privy. She was either running or walking at the time, and when she reached the privy her foot slipped and went into the opening between the floor of the privy and the ground. Her leg was badly injured, and she was compelled to remain in the house for eight months on account of the

injury. While plaintiff's father and mother both testify that plaintiff's leg had never been injured before, the affidavits filed on motion for new trial, based on the ground of newly discovered evidence, show that she was paralyzed to a certain extent in the limb which it is claimed was injured. Plaintiff's father says that they moved into the premises on Saturday afternoon. On Sunday the defendant came around to collect his rent. He then called defendant's attention to the opening between the floor of the privy and the ground, stating at the time that he had small children and he was afraid they would be injured unless the opening was closed. Defendant agreed that if plaintiff's father and mother would remain on the premises, he would remedy the defect.

Counsel for defendant earnestly insist that the trial court erred in refusing to give a peremptory in defendant's favor. Passing the question of defendant's liability, even if a dangerous condition of the premises had been shown, we conclude that the condition of the privy was not such as to impose any liability on the defendant for the injuries which plaintiff received. The opening complained of was only four or five inches high. The opening was entirely lateral. The only way that one could get his foot or leg into the opening was to slip, as plaintiff did, or get into a reclining position and place his foot into the opening. Manifestly, if there had been a lattice in front of the privy, such as may be frequently found on premises like those in question, and there had been a gate, the bottom of which was four or five inches from the ground, and plaintiff had slipped and fallen under this gate, it could not be pretended that the condition of the gate was dangerous, and that the landlord should respond in damages. Indeed, such openings may be frequently found under steps, chicken-coops, fences, porches, benches and the like. They are not dangerous in the sense that injury to persons using the premises may be reasonably anticipated to result from their presence. The only danger is when one falls, as did the plaintiff. In this sense nearly every structure is dangerous. If the sill of the privy in question had extended to the ground, it would have been equally dangerous under the same circumstances, for, having slipped and fallen, the plaintiff's leg would have struck solid material instead of the opening, and might have been broken instead of bruised. Being of the opinion that the condition of the privy was not dangerous or de-

fective, and the defendant is not liable in any event for the injuries which plaintiff received, we conclude that the court erred in failing to direct a verdict in favor of the defendant.

Judgment reversed and cause remanded for proceedings consistent with this opinion.